FILED
SCRANTON
OCT 29 2014
PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH C. STRAUSSER, JR. | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-14-1408 |
| WARDEN, SCI-PITTSBURGH, et al., | : (Judge Kosik) |
| Respondents | : |

## MEMORANDUM

Petitioner, Kenneth C. Strausser, Jr. ("Petitioner"), a state inmate incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. In the petition, he challenges his conviction following a guilty plea for Homicide by Vehicle and Reckless Endangerment in the Court of Common Pleas of Monroe County, Pennsylvania. Upon preliminary review of the petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On September 24, 2014, the parties were notified that the

petition appeared to be untimely, and Respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was afforded the opportunity to file a reply. (Doc. 4). On October 10, 2014, Respondents filed a response to the court's order addressing the timeliness of the petition. (Doc. 8.) The relevant time period has expired, and Petitioner has not filed a reply to Respondents' filing. After considering the record, the habeas petition will be dismissed as untimely for the reasons set forth below.

## I. Background

On July 7, 2011, Petitioner entered a plea of guilty in the Monroe County Court of Common Pleas to Homicide by Vehicle, a felony of the third degree, and Recklessly Endangering Another Person, a misdemeanor of the second degree. He was sentenced on August 31, 2011 to 36-84 months confinement. On September 8, 2011, Petitioner filed a motion for reconsideration of the sentence. The motion was denied on September 16, 2011 by the sentencing court. Petitioner did not thereafter pursue a direct appeal from the conviction and sentence with the Pennsylvania Superior Court.

A petition pursuant to the Post-Conviction Relief Act ("PCRA") was filed on December 8, 2011. The PCRA petition was ultimately denied on March 22, 2012. Petitioner filed an appeal with the Pennsylvania Superior Court on April 2, 2012. On

January 28, 2013, the Superior Court affirmed the lower court's denial of the PCRA. No petition for allowance of appeal was filed with the Pennsylvania Supreme Court.

While Petitioner's appeal of the denial of his first PCRA petition was pending before the Pennsylvania Superior Court, Petitioner filed another PCRA petition on May 24, 2012 with the sentencing court. The sentencing court treated this filing as a second PCRA petition and dismissed it due to the pendency of Petitioner's appeal with the Superior Court.

On February 27, 2013, Petitioner filed what would technically be considered his third PCRA petition. On August 27, 2013, the petition was dismissed as untimely. Petitioner filed an appeal with the Pennsylvania Superior Court on September 16, 2013. The appeal was dismissed on March 7, 2014 due to Petitioner's failure to file a brief. He filed the instant federal habeas corpus petition challenging his conviction and sentence on July 7, 2014.[1]

## II. Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

---

[1] The petition was originally filed in the United States District Court for the Western District of Pennsylvania on July 17, 2014, and thereafter transferred to this court on July 23, 2014. However, pursuant to the "mailbox rule" which applies to all habeas petitions filed by pro se inmates, the court has used the date the petition was executed, July 7, 2014, not the date the petition was filed, as the date for calculating the timeliness of the habeas petition. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 12214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on August 31, 2011. The trial court denied his motion for reconsideration of the sentence on September 16, 2011. He did not thereafter file a direct appeal with the Pennsylvania Superior Court. As such, for purposes of

calculating the federal limitations period, the sentence became final thirty (30) days from the denial of his motion for reconsideration, on October 16, 2011, the expiration of the time period when Petitioner could have pursued an appeal with the Superior Court. The one-year federal limitations period began to run at this time, and was set to expire on October 16, 2012. However, the court's analysis does not end here. Consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. A petition that is timely under state law is "properly filed." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

The federal limitations period in the instant case began to run on October 16,

2011, and was set to expire on October 16, 2012. However, on December 8, 2011, approximately 53 days into this period, Petitioner filed a timely PCRA petition with the Court of Common Pleas of Monroe County. As such, the statute of limitations became tolled at this point. The Superior Court affirmed the denial of post-conviction relief on January 28, 2013. No petition for allowance of appeal was filed with the Pennsylvania Supreme Court. Therefore, the statutory period began to run again on February 27, 2013, at the expiration of the thirty-day time period Petitioner had to file an appeal to the Pennsylvania Supreme Court. See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). At this point, Petitioner had approximately 312 days remaining (365 days minus 53 days) of the one-year federal limitations period remaining to file his habeas corpus petition, until approximately January 8, 2014. The instant federal habeas petition was not filed until July 17, 2014, and is clearly untimely.[2]

**B.     Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185,

---

[2] The other PCRA petitions filed by Petitioner had no tolling effect for the following reasons. The second PCRA was dismissed by the sentencing court as duplicative of the arguments raised by Petitioner in the first PCRA and that were pending before the Pennsylvania Superior Court at the time. The third PCRA petition filed on February 27, 2013 had no tolling effect on the running of the statute of limitations in that it was filed untimely, and therefore was not "properly filed." A timely PCRA petition was required to be filed on or before October 16, 2012.

6

195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Petitioner must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Petitioner sets forth no viable arguments in his petition in support of a finding that equitable tolling of the AEDPA statute of limitations is warranted in this case. Moreover, he has not submitted a reply to Respondents' filing establishing that his petition is time-barred. For these reasons, the Court finds no basis for equitable tolling, and the instant petition will be dismissed as untimely.

### III. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.